IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 15-496-4 |
| ISHMI POWELL | |

**MEMORANDUM OPINION**

Defendant Ishmi Powell moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the dangers posed by COVID-19. For the reasons that follow, Powell's motion will be denied.

## I.   BACKGROUND

On April 12, 2019, Powell was sentenced to 151 months' imprisonment followed by a five-year term of supervised release for his participation in a drug trafficking operation.[1] Currently, he is imprisoned at FCI Elkton in Lisbon, Ohio, and he is scheduled for release on November 15, 2026. According to Powell, "FCI Elkton has been devastated by [an] outbreak of COVID-19," including 93 confirmed cases among inmates and 9 deaths;[2] the government does not dispute these numbers and acknowledges that there is an "outbreak" at FCI Elkton. Though Powell has not been tested for COVID-19, he claims to be suffering from "headaches, nausea and loss of taste and smell senses."

---

[1] Specifically, Powell pleaded guilty to conspiracy to distribute one kilogram or more of a mixture and substance containing a detectable amount of phencyclidine ("PCP"), in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); attempted possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846; and attempted possession with intent to distribute a kilogram or more of a mixture and substance containing a detectable amount of PCP in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

[2] According to the Bureau of Prisons (BOP), there are, as of the writing of this opinion, 333 "confirmed active cases" among inmates. https://www.bop.gov/coronavirus/. *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (noting that a court may take judicial notice of information on a government website).

Powell now moves for compassionate release on the basis that the COVID-19 outbreak at FCI Elkton presents an "extraordinary and compelling circumstance" favoring release pursuant to Section 3582(c). The government opposes his motion, arguing that he has failed to exhaust his administrative remedies, as required by statute; in the alternative, the government argues release should be denied because Powell is in good health and would present a danger to the community if released.

## II. DISCUSSION

Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019). Specifically, Section 3582(c) permits a district court to reduce a defendant's sentence "after considering the factors set forth in section [18 U.S.C.] § 3553(a)[3] to the extent that they are applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). According to U.S.S.G. § 1B1.13, which is the Sentencing Commission's policy statement on Section 3582(c)(1)(A), a defendant's medical condition may be an "extraordinary and compelling" reason for release if that condition "substantially diminishes [his ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13 n.1. Additionally, to determine whether a defendant is

---

[3] Section 3553(a) directs a sentencing court to consider:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

entitled to compassionate release, a court must consider whether the defendant poses a danger to others and to the community per 18 U.S.C. § 3142(g).[4] *See id.* at USSG § 1B1.13(2).

Before a court may consider a defendant's petition and engage in aforementioned analysis, however, the defendant must first have exhausted his administrative remedies. That is because Section 3582(c) does not allow a defendant to seek relief directly from the courts in the first instance. Rather, the defendant must first "ha[ve] fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, Powell asserts that he has exhausted his administrative remedies, though he provides no evidence to this effect.[5] In the alternative, Powell asserts that "[t]he exhaustion requirement is . . . 'waivable' . . . in that the Court has the discretion to waive the requirement because of the current Covid-19 Pandemic," and cites to recent cases from the Second Circuit to support this proposition.[6] However, this assertion is contrary to Third Circuit case law. The administrative exhaustion requirement in Section 3582(c) is prescribed by statute, and, the Third

---

[4] In the compassionate release context, "[t]he relevant factors in this section are: (1) the nature of the charged offense; (2) the defendant's history and characteristics, including the person's character and whether the person was on parole or probation at the time of the offense; (3) the nature and seriousness of the danger to the community posed by the person's release." *United States v. Reyes*, 2020 WL 1663129, at *3 (N.D. Ill. Apr. 3, 2020); *see also United States v. Johns*, 2019 WL 2646663, at *3 (D. Ariz. June 27, 2019) ("Factors to consider include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger.").

[5] The record reflects that Powell requested home confinement from the prison and that this request was denied on April 24, 2020. Then, on April 25, 2020, Powell wrote a letter to this Court in which he likewise requested release to home confinement under the CARES Act. However, Powell's request did not mention the First Step Act, compassionate release, or a request for modification of his prison term. The Court therefore declines to construe Powell's request for home confinement—relief governed by a different statute—as a request for compassionate release. Further, to the extent that Powell seeks to appeal the prison's denial of home confinement, such decision is not reviewable by this Court. *See* 18 U.S.C. § 3621 ("[A] designation of a place of imprisonment . . . is not reviewable by any court.").

[6] Powell also argues that the administrative exhaustion requirement is waivable because Section 3582(C) is not a "jurisdictional" requirement. Defendant has not explained why this would be relevant even if true—given that Third Circuit case law explicitly forecloses waiving a statutorily imposed administrative exhaustion requirement—and the Court finds none.

Circuit has held that where "Congress has . . . clearly required exhaustion . . . it is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (internal quotations and citations omitted).  The Third Circuit has also specifically held that Section 3582(c)'s administrative exhaustion requirements apply notwithstanding the COVID-19 crisis.  *See United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added— and critical—importance.").

Because Powell has failed to exhaust his administrative remedies, his request for compassionate release must be denied, and the Court will not address the merits of his request at this time.  Powell may file another motion for compassionate release in the event that he requests compassionate release from the prison and such motion is denied, or, in the event that 30 days elapses from the date of such request without an response.

An appropriate order follows.

June 2, 2020                                            BY THE COURT:

                                                                         */s/ Wendy Beetlestone*
                                                                         _____
                                                                         **WENDY BEETLESTONE, J.**