# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| v. | NO. 15-496-4 |
| **ISHMI POWELL** | |

## MEMORANDUM OPINION

Defendant Ishmi Powell moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the dangers posed by COVID-19. For the reasons that follow, Powell's motion will be denied.

### I.  BACKGROUND

On April 12, 2019, Powell was sentenced to 151 months' imprisonment followed by a five-year term of supervised release for his participation in a drug trafficking operation. Currently, he is imprisoned at FCI Elkton in Lisbon, Ohio, and he is scheduled for release on November 15, 2026.

On May 14, 2020, Powell moved for compassionate release on the basis that "FCI Elkton has been devastated by [an] outbreak of COVID-19"[1] and that this outbreak presented an "extraordinary and compelling circumstance" favoring release pursuant to Section 3582(c). The Court denied his motion on June 2 on the basis that Powell had not exhausted his administrative remedies, as required under Section 3582(c), without reaching the merits of Powell's motion. Subsequently, Powell requested compassionate release from the warden at FCI Elkton, which request was denied on June 18.

---

[1] As of the writing of this opinion, there are two confirmed positive cases of COVID-19 among inmates at FCI Elkton, nine inmates have died, and 982 have recovered. *See* https://www.bop.gov/coronavirus/.

In his renewed motion, Powell repeats substantially the same arguments presented in his initial motion. The government opposes, noting that Powell is in good health and would present a danger to the community if released.

## II. DISCUSSION

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . ."). Specifically, provided the defendant has exhausted his administrative remedies, Section 3582(c) permits a district court to reduce a defendant's sentence "after considering the factors set forth in section [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). According to U.S.S.G. § 1B1.13, which is the Sentencing Commission's policy statement on Section 3582(c)(1)(A), a defendant's medical condition may be an "extraordinary and compelling" reason warranting release if it "substantially diminishes [defendant's ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13 n.1.

Here, Powell has identified no such condition.[2] He does not claim to be suffering from any health problems generally, or from any medical conditions which would increase his risk of complications from COVID-19. Indeed, Powell's medical records indicate that is in good health. Rather, Powell argues that the COVID-19 pandemic itself constitutes an "extraordinary and

---

[2] It is the defendant's burden "to prove extraordinary and compelling reasons exist." *United States v. Adeyemi*, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020).

compelling" reason justifying release.  "Unfortunately, fear of contracting COVID-19 [is] not [an] extraordinary or compelling enough reason[] for release."  *United States v. Osborne*, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020); *see also United States v. Ramos*, 2020 WL 3440929, at *6 (D. Haw. June 23, 2020) ("Anxiety and fear caused by being incarcerated while the COVID-19 infection is rampant in certain BOP facilities are most understandable, but do not clear the legal hurdles for sentence reduction.").  Otherwise stated, "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."  *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020).

      Neither can the particular prevalence of COVID-19 at FCI Elkton provide the "without more" justifying release.  Although "[w]ithout a doubt, Elkton has been one of the hardest-hit federal prison facilities in terms of Covid-19," "[t]he existence of the virus in a prison—even the level of infection at Elkton—is not sufficient to establish extraordinary and compelling circumstances without some proof that the defendant is at more severe risk for infection than his fellow inmates."  *United States v. Thornton*, 2020 WL 4368155, at *4 (W.D. Pa. July 29, 2020); *see also United States v. Gentle*, 2020 WL 4018216, at *4 (D. Minn. July 16, 2020) (explaining that "merely being incarcerated at FCI Elkton is insufficiently extraordinary or compelling to warrant immediate release" and denying release); *United States v. Rodriguez*, 2020 WL 1627331 (E.D. Pa. Apr. 1, 2020) (granting compassionate release from FCI Elkton to inmate with underlying condition but noting that the fact that "prison is a particularly dangerous place for [defendant] at this moment" did not "*alone*" constitute an extraordinary and compelling circumstance justifying release (emphasis added)).

Accordingly, Powell's motion will be denied.[3]  An appropriate order follows.


**August 19, 2020**                             **BY THE COURT:**


                                                               */s/ Wendy Beetlestone*
                                                                _____
                                                                **WENDY BEETLESTONE, J.**

---

[3] Because Powell has not demonstrated that there exists and "extraordinary and compelling" reasons warranting release, the Court need not analyze the Section 3553(a) factors.  *See* 18 U.S.C. § 3582(c) (directing a court to consider the Section 3553(a) factors before reducing a term of imprisonment "*if* it finds that extraordinary and compelling reasons warrant such reduction" (emphasis added)).